UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-129-3-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BARBARA OATES, | ) | |
| Defendant. | ) | |

This matter is before the court on Barbara Oates' "Motion To Amend" [DE-81]. Oates asks the court to amend her Judgment [DE-66] to relieve her from participation in the Bureau of Prisons' ["BOP"] Inmate Financial Responsibility Program (IFRP) or, in the alternative, to reduce the amount of her quarterly IFRP payments to $25 per quarter.

In addition to an 18-month term of imprisonment, Oates' sentence included a judgment for $20,606.62 in restitution to the victims of her conviction for conspiracy to commit mail fraud and bank fraud. Her restitution obligation is joint and several with her three co-defendants up to $20,606.62. Restitution and the special assessment were ordered "due in full immediately." However, if Oates could not "immediately" pay the total sums due, the Judgment provided that she make payments:

> through the [IFRP]. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

Judgment [DE-66] at p. 6.

Furthermore, to the extent that Oates seeks to challenge the constitutionality of the BOP's execution of the restitution order, such relief must be obtained, if at all, by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Summersett v. Baucknecht*, 496 F.

Supp. 2d 636, 642 (D.S.C. 2007) (citing *United States v. Childs*, 126 Fed. Appx. 96 (4th Cir. 2005)). Such a petition must be brought in the district of incarceration. *See United States v. Hudson*, 221 Fed. Appx. 255 (4th Cir.2007) (citing 28 U.S.C. § 2241(a) and *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000)). Since the Oates is incarcerated in West Virginia, this court is without jurisdiction to hear such a petition. Therefore, insofar as this motion may be construed as a habeas petition under § 2241, it is DISMISSED without prejudice to Oates' right to file the action in the appropriate district.

For the foregoing reasons, therefore, Oates' Motion to Amend [DE-81] is DENIED. SO ORDERED.

This, the 25th day of January, 2012.

                                               JAMES C. FOX
                                               Senior United States District Judge

2

Case 5:10-cr-00129-F   Document 82   Filed 01/25/12   Page 2 of 2